# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9507-CC-00204 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | CHESTER COUNTY |
| VS. | ) | |
| | ) | HON. JOHN FRANKLIN MURCHISON |
| VAUGHN MIXON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal/Writ of Error Coram |
| | ) | Nobis) |

FILED

August 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

GEORGE MORTON GOOGE
District Public Defender

PAMELA J. DREWERY
Assistant District Public Defender
26th Judicial District
227 West Baltimore St.
Jackson, TN 38301

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

WILLIAM DAVID BRIDGERS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

JERRY WOODALL
District Attorney General

DON ALLEN
Assistant District Attorney
P. O. Box 2825
Jackson, TN 38301

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

On November 16, 1994, Appellant Vaughn Mixon was found guilty by a Chester County Circuit Court jury of attempted rape, attempted incest, sexual battery, public intoxication, and evading arrest. As a Range II offender, Appellant was sentenced to ten years for attempted rape, eight years for attempted incest, four years for sexual battery, thirty days for public intoxication, and eleven months, twenty-nine days for evading arrest. The trial court ordered the sentences to be served concurrently. Appellant appealed his conviction and sentence on April 18, 1995. In addition to his direct appeal, Appellant filed a petition for a writ of error coram nobis on December 22, 1995, based on the recanted testimony of the victim.[1] The trial court denied the petition, finding that as a matter of law, recanted testimony could not support the grant of a petition for a writ of error coram nobis. Ironically, the trial court also held that if the victim's recanted testimony had been presented at trial, it would have resulted in a different judgment. This Court consolidated the direct appeal and the denial of the petition for a writ of error coram nobis.

After a review of the record, we remand this cause for further proceedings.

---

[1] We note that although it appears from the record that Appellant's petition was filed beyond the one year statute of limitations applicable to writs of error coram nobis, our Tennessee Supreme Court has indicated that since the statute of limitations is an affirmative defense, Tennessee Rule of Civil Procedure 8.03 requires that it be specifically plead or is deemed waived. Sands v. State, 903 S.W. 2d 297, 299 (Tenn. 1995). Here, the State failed to plead statute of limitations, therefore this issue is waived.

At trial, Audrey Mixon, Appellant's fourteen-year-old daughter testified that on April 16, 1994, she was driving her father back home from a friend's house when her father asked her if she had ever seen him naked.  Later, he asked her to pull off the main road, turn down a dirt road and stop.  After they stopped, Appellant turned on the radio, put his hand on her inner thigh and started sliding it up her leg while making an obscene statement indicating that he wanted to engage in sex with his daughter.  At this point, Ms. Mixon jumped out of the truck and started running down the road.  As she was jumping out of the truck, Appellant grabbed her clothing and said he was only joking.

At the hearing on the writ of error coram nobis, Ms. Mixon recanted the testimony that her father had tried to rape her.  She acknowledged her affidavit which stated that she was upset and tried to run away from her father because they had been fighting about her boyfriend who her father did not want her to date.  She also stated that she was trying to help her mother "get rid of" her father because her mother was divorcing her father and her mother wanted his trailer.

Tennessee Code Annotated Section 40-26-105 (1990) provides that:

> Upon a showing by the defendant that he was without
> fault in failing to present certain evidence at the proper
> time, a writ of error coram nobis will lie for subsequently
> or newly discovered evidence relating to matters which
> were litigated at the trial if the judge determines that
> such evidence may have resulted in a different
> judgment, had it been presented at the trial.

Before a defendant is entitled to a new trial based on newly discovered evidence the defendant must show that: 1) he acted with reasonable diligence

to discover the evidence prior to trial; 2) the newly discovered evidence is material to the issue of the defendant's guilt; and 3) the evidence would have likely changed the jury's verdict.  State v. Goswick, 656 S.W.2d 355, 358-59 (Tenn. 1983).  The decision whether to grant or deny a petition for a writ of error coram nobis rests within the sound discretion of the trial court.  State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

Recanted testimony may support the grant of a writ of error coram nobis, therefore the trial court's finding to the contrary was erroneous.  See id.; State v. Herndon, No. 03C01-9303-CR-00098, 1994 WL 176969, at *2 (Tenn. Crim. App. May 11, 1994); State v. Ashby, No. 2, 1985 WL 4227, at *4 (Tenn. Crim. App. Nov. 27, 1985);.  The test for granting a new trial in cases involving recanted testimony is as follows: 1) the trial judge is reasonably well satisfied that the testimony given by a material witness was false and that the new testimony is true; 2) the defendant was reasonably diligent in discovering the new evidence or surprised by false testimony, or unable to know of the falsity until after the trial; and 3) the jury might have reached a different conclusion had the truth been told.  Ashby, 1985 WL 4227, at *5 (Tatum, J., dissenting). It is clear that before a trial judge rules on a petition for a writ of error coram nobis, he or she must determine the credibility of the witnesses who testify in support of the accused's writ.  Hart, 911 S.W.2d at 375.  In Hart, this Court remanded the case for a determination of whether a witness' affidavit was true or false.  Id.  Because the trial court erroneously found that recanted testimony was not a proper basis for writ of error coram nobis relief, because it failed to make the necessary findings discussed above, and because we are unable to assess the demeanor and credibility of the affiant, we reverse and remand this

matter for further proceedings and findings by the trial judge consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE